UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

    v.                                              Case No. 2:11-cr-87-cr-1

Terry Van Mead

# **<u>REPORT AND RECOMMENDATION</u>**
(Doc. 55)

Defendant Terry Van Mead[1] was sentenced to 130 months' imprisonment following his guilty plea to one count of failing to register as a sex offender, in violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250, and one count of knowingly possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (*See generally* Docs. 14, 41.) He was resentenced on May 11, 2015 after the original sentence was vacated on appeal (Doc. 53), *United States v. Van Mead*, 773 F.3d 429 (2d Cir. 2014) (Doc. 46), and he is currently serving an 84-month prison term (Doc. 54). At resentencing, Mead's base offense level (BOL) was increased from 14 to 20, based on Mead's prior attempted burglary conviction, which qualified as a "crime of violence" under United States Sentencing Guidelines (USSG) § 2K2.1(a)(4)(A). (Statement of Reasons (SOR), May 18, 2015 at 1, ¶ 5.) The application of the crime of

---

[1] The parties refer to Defendant alternatively as "Mead" and "Van Mead" in their papers. Because Defendant uses "Mead" in the instant Motion (Doc. 55), the Court refers to him as such below.

violence enhancement, coupled with the specific offense characteristics (including the quantity and stolen nature of the firearms involved in the offense of conviction) and an adjustment for Mead's acceptance of responsibility, corresponded to a Guidelines range of 92–115 months' imprisonment. (*Id.* at 2, ¶¶ 6–9.) The Court ultimately sentenced Mead to 84 months' imprisonment. (*Id.* ¶ 11; *see also* Doc. 53; Doc. 54 at 2.) Mead did not file a direct appeal from the resentence.

In June 2016, with benefit of counsel, Mead filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 on the grounds that his attempted burglary conviction no longer qualifies as a crime of violence in light of the United States Supreme Court's June 2015 holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that he should be resentenced under a lower BOL. (Doc. 55.) At the government's request (Doc. 57), and over Mead's objection (Doc. 59), the case was stayed in August 2016, pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc. 61). *Beckles* was decided on March 6, 2017 and the court subsequently vacated the stay on Mead's pending § 2255 Motion (Doc. 65). For the reasons explained below, I recommend that the Motion be DENIED.

## Analysis

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557. About a year later, the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016), that the *Johnson* holding applies retroactively on collateral

review because it announced a new substantive rule of constitutional law. Thus, federal prisoners whose sentences rested on the ACCA's now-voided residual clause may file for relief under § 2255. But Mead's sentence was not enhanced under the residual clause of the ACCA; rather, Mead argues that his sentence was improperly enhanced under the Guidelines when his prior attempted burglary conviction was classified as a "crime of violence," under USSG § 2K2.1(a)(4)(A), and as that term is defined under the residual clause of § 4B1.2(a)(2). (Doc. 55 at 1–2.) Regardless, because the ACCA's residual clause and the residual clause of USSG § 4B1.2(a)(2) are identical, Mead asserts that *Johnson* renders both clauses void for vagueness, and thus his sentence violated his right to due process. (*Id.* at 7–14.)

The court sentenced and later resentenced Mead applying USSG § 2K2.1, the provision that sets forth BOL calculations for firearm possession convictions. (*See* PSR at 9, ¶ 36; Doc. 44 at 33–35; SOR at 1, ¶ 5.) At the time of Mead's original sentencing in October 2012 (*see* Docs. 40, 41), § 2K2.1(2) stated that a defendant's BOL should be calculated at 24 if the defendant committed the firearm offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(2) (2011). "Crime of violence" in this section was defined with reference to the "career offender" Guideline provision, § 4B1.2. *See id.* § 4B1.2, App. n. 1 ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."). The residual clause of USSG § 4B1.2(a)(2) defined "crime of violence" as an offense that "involves conduct that presents a serious

3

potential risk of physical injury to another."[2] *Id.* § 4B1.2(a)(2). At sentencing, the court determined that Mead's two prior convictions in New York state (for statutory rape and burglary) met the crime of violence definition, and applied the BOL of 24. (Doc. 44 at 25–26, 33–35.) Mead appealed the sentence (Doc. 42), on the grounds that the statutory rape conviction did not qualify as a crime of violence, *see Van Mead*, 773 F.3d 429. The Second Circuit agreed and remanded for resentencing. *Id.* At resentencing, Mead accordingly only had one prior conviction qualifying as a crime of violence—the attempted burglary conviction—and his BOL was consequently reduced from 24 to 20 under USSG § 2K2.1(4)(A) (2014).[3] (SOR at 1, ¶ 5; *see also* Doc. 55 at 2.) Mead was resentenced to a term of imprisonment of 84 months. (SOR at 2, ¶ 11; *see also* Doc. 53; Doc. 54 at 2.)

---

[2] USSG § 4B1.2(a) alternatively defined "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the elements clause), or an offense that "is burglary of a dwelling, arson, or extortion, [or] involves use of explosive" (known as the enumerated offenses clause). *Id.* § 4B1.2(a)(1)–(2). The parties agree that these other definitions are not impacted by *Johnson* and its progeny (*see* Doc. 55 at 7; Doc. 69 at 5), but dispute whether Mead's burglary conviction could constitute a "crime of violence" under these alternative definitions. (*Compare* Doc. 55 at 14–19 (Mead arguing burglary conviction does not qualify as a crime of violence under *any* of the § 4B1.2 definitions), *with* Doc. 69 at 5 (government contending that "even without regard to the residual clause in the career offender guideline, Mead's attempted burglary conviction was a crime of violence under the enumerated crimes clause").) The court need not engage in this analysis, however, because even if Mead's burglary conviction only constituted a crime of violence under the § 4B1.2(a) residual clause, *Beckles* explicitly forecloses Mead's challenge to this Guideline provision.

[3] As Mead points out, the court's SOR at resentencing includes a typographical error. (Doc. 55 at 6, n.6.) Citing to USSG § 2K2.1(a)(4)(B), the court stated that "[t]he defendant committed the instant offense subsequent to sustaining at least two felony convictions for crimes of violence, which results in a base offense level of 20." (SOR at 1, ¶ 5.) But as discussed above, the Second Circuit had vacated Mead's original sentence on the grounds that the statutory rape conviction did not constitute a crime of violence, so that only one crime of violence conviction (the burglary conviction) remained at resentencing. The BOL corresponding to one prior felony conviction for a crime of violence is set forth in § 2K2.1(a)(4)(A), not (B). This error is immaterial, however, as the sentencing court applied the proper BOL of 20, reflecting Mead's single prior crime of violence conviction. (SOR at 1, ¶ 5); *see also* USSG § 2K2.1(a)(4)(A).

4

Mead now argues that his burglary conviction cannot constitute a crime of violence because *Johnson*, by rendering the ACCA residual clause void for vagueness, also made the identical residual clause of § 4B1.2(a) void for vagueness by extension, and thus his sentence violated his right to due process.[4] (Doc. 55 at 7.) Mead contends that had the Court found that he "had zero crimes of violence on his record, his [BOL] would have been a 14," instead of 20, corresponding to a lower Guidelines imprisonment range of 51–63 months. (*Id.* at 6 (citing USSG § 2K2.1(a)(6)).) Until the *Beckles* decision was issued, it was "an open question" whether the decision in *Johnson* applies retroactively on collateral review to sentences imposed under the Guidelines. *United States v. Velasquez*, 08-CR-56 (BMC), 16-CV-3432 (BMC), 2016 WL 4148316, at *2 (E.D.N.Y. Aug. 4, 2016).

In *Beckles*, the Supreme Court answered that question in the negative, holding that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in USSG § 4B1.2(a)(2) is therefore not unconstitutionally vague. 137 S. Ct. at 890. The Court reasoned: "Unlike the

---

[4] Mead also argues, as he did at sentencing, that it "is impossible to ascertain" whether the New York burglary conviction was for "attempted burglary of a dwelling" or "burglary of a building" due to "inconsistencies in the charging document and the conviction document" from the New York sentencing court. (Doc. 55 at 4, 14; *see also* Doc. 34 at 10–13.) Because the Guidelines explicitly noted that "'[c]rime of violence' includes . . . burglary of a dwelling" and "attempting to commit such offenses," USSG § 4B1.2, App. n.1 (2011), Mead concludes that "it cannot be said he was convicted of a crime of violence," because "it is unclear of what crime [he] actually was convicted"—i.e., whether he was convicted of attempted burglary of a dwelling. (Doc. 34 at 13; *see also* Doc. 55 at 4, 14.) The sentencing court found that, regardless, the burglary conviction constituted a crime of violence under § 4B1.2 because Second Circuit precedent held that even burglary of a building, though not mentioned in the Guidelines, was a crime of violence. (Doc. 44 at 24–26 (citing *United States v. Brown*, 514 F.3d 256, 265–69 (2d Cir. 2008) (holding that prior New York state burglary of a building conviction constituted a crime of violence under the § 4B1.2 residual clause)).) Mead claims that the court must revisit this issue because *Brown* was abrogated by *Johnson*, but this argument clearly fails under *Beckles*.

5

ACCA . . . , the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Relatedly, the Court distinguished between the mandatory and advisory Guidelines. As the Court explained, the Guidelines "were initially binding on district courts," until the Court "rendered them 'effectively advisory'" in *United States v. Booker*, 543 U.S. 220 (2005). 137 S. Ct. at 894 (quoting *Booker*, 543 U.S. at 245). Since *Booker*, "a sentencing court may no longer rely exclusively on the Guidelines range." *Id.* Instead, the Guidelines are but one factor that the court must consider at sentencing, in addition to engaging in an analysis of the other sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 894, 896. The *Beckles* Court concluded that the advisory nature of the Guidelines after *Booker* defeats any vagueness challenges under the Due Process Clause because the "the twin concerns underlying [the] doctrine—providing notice and preventing arbitrary enforcement"—are not implicated. *Id.* at 894. The Court concluded that, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 897; *see also Brown v. United States*, No. 15-10025, 2017 WL 1828892, at *4 (11th Cir. May 5, 2017) ("[U]nlike the residual clause in the definition of 'violent felony' in the ACCA, the residual clause in the definition of 'crime of violence' in U.S.S.G. § 4B1.2 is not void for vagueness and continues to provide a basis for classifying an offense as a 'crime of violence.'" (interpreting *Beckles*)).

Accordingly, Mead's Motion fails because *Beckles* explicitly rejected due process challenges to the career offender residual clause under the advisory Guidelines—precisely the type of challenge that Mead brings here. In view of *Beckles*, Mead's § 2255 Motion (Doc. 55) should be DENIED.

Alternatively, Mead's Motion should be denied because it was not filed within the applicable limitations period. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2255 motions are subject to a one-year limitations period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Mead was resentenced and the judgment was entered on May 19, 2015. (Doc. 54.) Mead did not appeal and the judgment therefore became final 14 days later, on June 2, 2015. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being

appealed."). Mead filed the instant Motion on June 10, 2016 (*see* Doc. 55), eight days outside of § 2255(f)(1)'s one-year limitations period. Subsections (f)(2) and (f)(4) of § 2255 clearly have no application here.

Mead contends his Motion is timely under § 2255(f)(3) because it was filed within one year of *Johnson* (decided on June 26, 2015), which established a newly recognized right that is "retroactively applicable to cases on collateral review.'" (Doc. 55 at 25 (quoting 28 U.S.C. § 2255(f)(3)).) While the Supreme Court held in *Welch* that *Johnson* applies retroactively on collateral review because it announced a new substantive rule of constitutional law, 136 S. Ct. at 1264–65, this rule was that a prisoner could collaterally challenge a sentence imposed under the unconstitutionally vague residual clause of the ACCA. Mead claims that his Motion is timely because he is asserting the same right that the Supreme Court recognized in *Johnson*, but "*Johnson* and *Welch* did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." *United States v. Ojeda*, 8:01CR196, 2017 WL 1495981, at *3 (D. Neb. Apr. 26, 2017) (citing *Johnson*, 135 S. Ct. at 2561 (dismissing suggestion that similarly worded "federal and state criminal laws" would be subject to "constitutional doubt"); *Welch*, 136 S. Ct. at 1262 (explaining that "[t]he Court's analysis in *Johnson* . . . cast no doubt on the many laws that require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion")), *appeal docketed*, No. 17-1955 (8th Cir. May 3, 2017).

Furthermore, Mead is not entitled to equitable tolling of the statute of limitations, which "applies only in the rare and exceptional circumstance[]." *Smith v. McGinnis*, 208

8

F.3d 13, 17 (2d Cir. 2000) (per curiam) (alteration in original) (internal quotation marks omitted). In the Second Circuit, "tolling is appropriate only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance[] stood in his way and *prevented timely filing*." *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (first alteration in original) (internal quotation marks omitted). Mead has not satisfied these standards.

Mead's challenge to his sentence is also procedurally defaulted. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). A claim not raised on direct appeal is therefore procedurally barred unless the petitioner can establish cause for the default and resulting prejudice, "or that he is 'actually innocent' of the crime of which he was convicted." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998) (citing *Bousley*, 523 U.S. at 622). Mead did not appeal from the resentence and cannot make either showing to excuse the procedural default of the instant vagueness challenge to his sentence. Mead has not alleged cause and "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). Furthermore Mead's "guilty plea forecloses any possible demonstration of 'actual innocence.'" *Hutchings v. Herbert*, 260 F. Supp. 2d 571, 576 (W.D.N.Y. 2003). Other federal district courts considering § 2255 challenges to sentences enhanced under § 4B1.2(a) in light of *Beckles* have come to the same conclusion. *See, e.g.*, *United States v. Raymond*, Crim. No. 14–26 (MJD), 2017 WL 2483788 (D. Minn. June 8, 2017)

9

(finding defendant's challenge to career offender designation under § 4B1.2(a), which he did not challenge on direct appeal, was procedurally defaulted and meritless under *Beckles*); *Battle v. United States*, No. 5:13-CR-237-D, No. 5:16-CV-637-D, 2017 WL 1906723, at *2 (E.D.N.C. May 8, 2017) (same); *Shine v. United States*, 3:17-cv-8-MOC, 3:14-cr-182-MOC-DSC-1, 2017 WL 1856189, at *3 (W.D.N.C. May 8, 2017) (petitioner procedurally defaulted argument that Guidelines range was improperly enhanced under §§ 2K2.1 and 4B1.2(a), by failing to raise the issue on direct appeal, even if the claim was likely to fail, and because petitioner did not allege cause and prejudice, "nor could he").

## **Conclusion**

For these reasons, I recommend that Mead's § 2255 Motion to Correct Sentence (Doc. 33) be DENIED. Mead's Motion rests entirely upon the contention that the residual clause of USSG § 4B1.2(a) is unconstitutionally vague. This argument is precluded by the Supreme Court's recent decision in *Beckles*.

An evidentiary hearing is neither necessary nor warranted, as the only issue raised in the § 2255 Motion can be resolved on the existing record, which conclusively demonstrates that Mead is not entitled to relief. Moreover, the court should decline to issue a certificate of appealability, given that I am unable to find that "reasonable jurists could debate whether . . . [Mead's motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(2) (certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right"); *see also McPeters*, 2017 WL 2115815, at *4 (finding petitioner, who claimed that he should not have received a Guidelines classification as a career offender under *Johnson*, was not entitled to certificate of appealability in light of *Beckles*).

Dated at Burlington, in the District of Vermont, this 2nd day of August, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).