U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 SEP 25 PM 3: 18

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:11-cr-87 |
| ) | |
| TERRY VAN MEAD ) | |

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
(Docs. 55 & 70)

This matter came before the court for a review of the Magistrate Judge's August 2, 2017 Report and Recommendation ("R & R"). (Doc. 70.) On June 10, 2017, Defendant Terry Van Mead, who is represented by Assistant Federal Public Defender Steven L. Barth, filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his 84-month sentence. (Doc. 55.) Defendant argues that his sentence was calculated with reference to the "crime of violence" residual clause of the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a). The *Johnson v. United States*, 135 S. Ct. 2551 (2015) decision pertained to the Armed Career Criminal Act's (the "ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court held is unconstitutionally void for vagueness because its application "does not comport with the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2560. The Supreme Court has since expressly refused to expand *Johnson* to include the "crime of violence" residual clause in the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) ("[W]e hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause"). The government opposes the motion. Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eleven page R & R, the Magistrate Judge carefully reviewed the factual and procedural history of the case as well as the arguments raised in Defendant's motion. The Magistrate Judge properly ruled that the Supreme Court's holding in *Beckles* forecloses Defendant's argument that the residual clause of the Sentencing Guidelines is unconstitutionally void for vagueness.

Based on the foregoing, the Magistrate Judge properly concluded that Defendant failed to meet his burden of establishing by a preponderance of the evidence the claim advanced in his § 2255 motion. The court therefore does not and need not consider the Magistrate Judge's alternative analysis which is directed to whether the motion was timely filed.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS IN PART the Magistrate Judge's R & R (Doc. 70), DENIES Defendant's motion to vacate, and DISMISSES Defendant's § 2255 motion (Doc. 55).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 23rd day of September, 2017.

Christina Reiss, Chief Judge
United States District Court